·81 So.2d 424

CATTLE FARMS, Inc., et al.

v.

SUCCESSION OF Ada Banks
PAUTSCH et al.

CATTLE FARMS, Inc., et al.

v.

Dr. Esmond A. FATTER et al.

CATTLE FARMS, Inc., et al.

v.

Mrs. Ilse Pautsch McCLELLAN et al.

No. 41799.

April 25, 1955.

Rehearing Denied May 23, 1955.

---

Dart, Guidry, Price & Read, Louis C. Guidry, Taylor Caffery, New Orleans, for plaintiffs-appellants.

Prowell, Viosca & Reuter, John E. Jackson, and Baldwin J. Allen, New Orleans, for defendants.

PONDER, Justice.

In these consolidated cases the plaintiffs are seeking to have certain mineral deeds cancelled and removed from the conveyance records on the ground that they are operating as a cloud on their title. It is alleged that the mineral deeds have prescribed.

The defendants interposed pleas of estoppel based on a certain compromise agreement and an after-acquired title by the plaintiffs which they allege inures to their benefit. On hearing the lower court sustained the pleas of estoppel and dismissed the plaintiffs' suits. The plaintiffs have appealed.

Upon examination of the petitions of the plaintiffs, we find that these are actions in jactitation or slander of title suits. Possession not having been put at issue, it is well settled that the only judgment that can be rendered against the defendant in a jactitation suit, if he does not assert title and convert the action into a petitory action, is a judgment ordering him to assert title within in a time to be fixed by the judgment, or be forever barred from claiming title to the property. International Paper Company v. Louisiana Central Lumber Company, 202 La. 621, 12 So.2d 659 and authorities cited therein. The issues sought to be raised in the pleas of estoppel must be determined on the trial of the merits of the case if the defendants assert title to the property and convert the suits into petitory actions. The compromise agreement specifically states that it does not operate as an agreement to interrupt or extend prescription of the mineral or royalty interests or affect in any way any of the rights of the parties heretofore enjoyed in respect to the interruption or suspension of prescription. It states therein that the status quo shall be maintained as to

prescription. Since these suits are based on the ground that the mineral rights have prescribed, the compromise agreement could not therefore be considered as suspending or extending prescription.

Whether or not there was an after-acquired title and if so whether it would interrupt the running of prescription is a matter that would address itself to the merits of the case.

For the reasons assigned, the judgment of the lower court is reversed and set aside, the pleas of estoppel are overruled and the case is remanded to the lower court to be proceeded with according to law and consistent with the views herein expressed.

HAWTHORNE, J., absent.

On Application for Rehearing

PER CURIAM.

It is suggested in the application for rehearing that we erroneously characterized plaintiff's petition as an action in jactitation. The character of the suit was not put at issue and immaterial in view of our conclusion that the issues presented in the plea of estoppel were questions addressing themselves to the merits of the case. Therefore our characterization of the suit as being an action in jactitation is purely obiter and can have no binding effect.

Rehearing denied.